IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case Nos.  CV-05-117-S-BLW |
| | ) | CR-03-88-S-BLW |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| ROBERT AARON JOHNSON, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant's Motion Under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence (Docket No. 1) and the Government's

Answer (Docket No. 3).

The Court, having reviewed the record and being otherwise fully informed,

enters the following Order.

## BACKGROUND

On April 8, 2003, an Indictment was filed charging Defendant with one

count of possession of unregistered destructive devices and one count of

possession of marijuana.  On June 2, 2003, Defendant pled guilty, pursuant to a

plea agreement, to possession of unregistered destructive devices.  The count

charging possession of marijuana was dismissed.

**Memorandum Decision and Order - 1**

On August 26, 2003, Defendant was sentenced to a term of imprisonment of 57 months.  Defendant did not file a direct appeal.  On March 24, 2005, Defendant filed his § 2255 Motion.  Relying on the Supreme Court decision in *United States v. Booker*, 125 S. Ct. 738 (2005), Defendant alleges that his sentence was unconstitutionally enhanced based on factors neither admitted by him nor proven to a jury beyond a reasonable doubt.  The Government responded urging dismissal on the grounds of waiver, failure to object at sentencing or on appeal, untimeliness, and non-retroactivity of *Booker* to cases on collateral review.

## APPLICABLE LAW AND DISCUSSION

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; and (4) that the sentence is otherwise "subject to collateral attack."

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  If the Court does not dismiss pursuant to

**Memorandum Decision and Order - 2**

Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss the § 2255 Motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

After considering Defendant's pleadings, the record, and the Government's response, the Court denies Defendant's § 2255 Motion.  The Ninth Circuit Court of Appeals has recently held that *"Booker* is not retroactive, and does not apply to cases on collateral review where the conviction was final as of the date of *Booker*'s publication." *United States v. Cruz*, 423 F.3d 1119, 1120 (9th Cir. 2005). Defendant's conviction became final on September 5, 2003, the date when the time for filing an appeal had passed and over a year before the *Booker* decision was published.[1]  Therefore, it is not necessary for the Court to consider whether

---

[1]  The Court notes that Defendant's § 2255 Motion was filed more than one year after his conviction became final and was, therefore, untimely.  However, it need not inquire to determine if it was subject to equitable tolling given that *Booker* is not retroactive.

**Memorandum Decision and Order - 3**

Defendant waived his right to contest his sentence in his plea agreement or was procedurally barred by failing to object to the enhancements at sentencing or on appeal.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1) is DISMISSED.

DATED: **December 1, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 4**